**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 98-30085
USDC No. 94-CR-50068-5

(Summary Calendar)
_____


UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus


REGINALD D. WILSON,
also known as Reg,

                              Defendant-Appellant.



Appeal from the United States District Court
For the Western District of Louisiana

November 19, 1998

Before EMILIO M. GARZA, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Reginald Wilson appeals the sentence he received after his case was remanded for resentencing.  He contends that the district court erred in enhancing his sentence under U.S.S.G. § 2D1.1(b)(1) because, "[t]here was no evidence that [he] ever carried a weapon during a drug transaction or around a drug transaction."  He also challenges the quantity and type of drugs attributable to him for

    [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing purposes and the district court's refusal to grant a downward departure based on his "model prison record."

Our review of the record and the arguments and authorities convinces us that the district court committed no reversible error. We review the district court's application of the Sentencing Guidelines *de novo* and the factual findings for clear error. *See United States v. Dixon*, 132 F.3d 192, 201 (5th Cir. 1997), *cert. denied*, )) U.S. )), 118 S. Ct. 1581, 140 L. Ed. 2d 796 (1998). The district court did not clearly err when it found that Wilson possessed a firearm during a drug trafficking offense and enhanced Wilson's sentence under § 2D1.1(b)(1). *See Dixon*, 132 F.3d at 202 (finding no clear error where evidence indicated defendant possessed firearm and possession of firearm by coconspirator reasonably foreseeable). Wilson's challenge to the quantity and type of drugs attributable to him for sentencing purposes is barred by the law of the case doctrine and is beyond the scope of remand. *See United States v. Marmolejo*, 139 F.3d 528, 530-31 (5th Cir. 1998)(holding that resentencing court on remand may only decide the issues directed by appeals court), *petition for cert. filed*, )) U.S.L.W. )) (U.S. Jul. 20, 1998)(No. 98-5372); *Chevron U.S.A., Inc. v. Traillour Oil Co.*, 987 F.2d 1138, 1150 (5th Cir. 1993)("The 'law of the case' doctrine generally precludes the reexamination of issues decided on appeal, either by the district court on remand or by the appellate court itself on subsequent appeal."). Additionally, we do not address Wilson's challenge to the district court's refusal to depart downwardly because this issue is beyond

the scope of remand.  *See Marmolejo*, 139 F.3d at 530-31.

Accordingly, the judgment is AFFIRMED.